UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                     Date:  January 29, 2016
Title:    Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                        Court Reporter:
Rita Sanchez                         Not Reported

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
None Present                         None Present

**Proceedings (In Chambers):**   ORDER DENYING MOTION FOR REMAND [14]

Before the Court is Plaintiffs' Motion to Remand Action to State Court for Lack of Diversity Jurisdiction (the "Motion"), filed on December 14, 2015. (Docket No. 14).  Defendants submitted an Opposition to the Motion on December 21, 2015 (Docket No. 17); Plaintiffs did not file a Reply.  The Court reviewed and considered the papers on the Motion, and held a hearing on **January 11, 2016**.

The Motion is **DENIED**.  Defendant Dolores Cerecedes was "fraudulently joined" (used in the technical jurisdictional sense) in this action because there is no possibility that Plaintiffs can recover on the claims asserted against her.  The Superior Court already sustained a demurrer without leave to amend in favor of Defendant Selina Stewart based on virtually identical allegations.  Plaintiffs provide no reasons to believe that the outcome will be any different as to Defendant Cerecedes.  The allegations against Defendant Cerecedes are even more vague than those against Defendant Stewart.

## I.   BACKGROUND

Plaintiffs initiated this wrongful termination action in the Los Angeles County Superior Court against their employer (Defendant Life Care Centers of America d.b.a. Mirada Hills) and supervisors (Defendants Stewart and Cerecedes).

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                    Date:  January 29, 2016
Title:    Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills
          Rehabilitation and Convalescent Hospital, et al.

(Notice of Removal, Ex. A ("Complaint") (Docket No. 1)).  Plaintiffs claim they were fired due to their age and Defendants' desire to hire a younger and less expensive workforce.  (*See, e.g., id.* ¶ 70).  The Complaint asserts four claims for relief under California law: (1) age discrimination; (2) failure to investigate and prevent harassment and discrimination; (3) wrongful termination in violation of public policy; and (4) intentional infliction of emotional distress ("IIED").  (*Id.* ¶¶ 36-111).

Only the IIED claims are brought against Defendants Stewart and Cerecedes.  (*Id.* ¶¶ 101-11).  The Complaint alleges that Defendant Stewart terminated Plaintiffs because of their age, told Plaintiff Gomez that there were no open positions available, and stated that she was going to "clean house" and bring in younger workers.  (*Id.* ¶¶ 69-70, 73).  Even fewer facts are pleaded against Defendant Cerecedes, who allegedly participated in termination decisions and whose assistant asked Plaintiff Garcia, "When are you going to retire?"  (*Id.* ¶¶ 73-75).

On May 18, 2015, Defendant Stewart filed a demurrer, arguing that her alleged conduct constituted non-actionable personnel management decisions.  (Opposition, Ex. E).  On November 2, 2015, the Superior Court sustained the demurrer without leave to amend, adopting its tentative ruling as follows:

> This is not a cause of action for discrimination by an employer.  Rather, the moving party is not the employer.  She is an employee of the employer.  To withstand demurrer by this employee, plaintiffs must show that the type of cause of action set forth in the fourth cause of action is available as against a non-employee.  Here, what is alleged is personnel management activities of this particular employee.
>
> "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.  A simple pleading of personnel management

---

**CIVIL MINUTES—GENERAL**                                                  2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-15-08877-MWF-JEM		Date: January 29, 2016
Title:	Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

> activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." (*Janken v. GM Hughes Edectr.* (1996) 45 Cal, App, 4th 55, 80.)
>
> The actions alleged taken by defendant Stewart are personnel management actions. She is alleged to have stated she was "cleaning house" in relation to employees, she terminated older employees including plaintiffs, and she told plaintiff Gomez that there were no positions open for her. The decision on who to terminate, and terminating an employee or not transferring an employee to another position are personnel management decisions which are not actionable as intentional infliction of emotional distress.

(*Id.*, Ex. F).

On July 2, 2015, Defendant Cerecedes filed a demurrer on identical grounds. (*Id.*, Ex. G). Although the demurrer was set for hearing on February 23, 2016, Defendants removed this action as soon as the Superior Court dismissed Defendant Stewart. (Notice of Removal at 3). While the Notice of Removal conceded that Plaintiffs and Defendant Cerecedes are citizens of California, it asserted that this Court has diversity jurisdiction because Defendant Cerecedes was "fraudulently joined." (*Id.* at 3-4).

## II. LEGAL STANDARD

As all parties recognize, the threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                    Date:  January 29, 2016
Title:     Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

Cir. 2009) (citing 28 U.S.C. § 1332(a)).  A well-established exception to the complete-diversity rule is "'where a non-diverse defendant has been 'fraudulently joined.'" *Id.* (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state . . . ."  *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Because all doubts weigh against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper "where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                               Date:  January 29, 2016
Title:    Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015); *see Birkhead v. Parker*, No. C 12–2264 CW, 2012 WL 4902695 at *3 (N.D. Cal. Oct. 15, 2012) ("Even if these allegations do not rise to the level of outrageous conduct, Defendants cannot establish that Plaintiff would not be able to amend the complaint to allege [a] viable claim [for intentional infliction of emotional distress] against [his former supervisor] under California law.").

Because the amount in controversy indisputably exceeds the jurisdictional minimum, the issue here is whether Defendant Cerecedes, as the only remaining non-diverse Defendant, was fraudulently joined in this action.

### III. DISCUSSION

#### A. Fraudulent Joinder

A claim for IIED is based on four elements: (1) extreme and outrageous conduct; (2) intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of emotional distress. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 155, 233 Cal. Rptr. 308 (1987) (footnote omitted). The dispute centers on the first element, which requires allegations of conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Cervantez v. J.C. Penny Co.*, 24 Cal. 3d 579, 593, 156 Cal. Rptr. 198 (1979) (superseded by statute on other grounds) (trial court erred in granting nonsuit on a claim for IIED when evidence showed that the defendant, an off-duty police officer, arrested the plaintiff "either with knowledge that plaintiff had not committed any offense or with reckless disregard of whether he had or not").

In California, an employee cannot maintain a claim for IIED against her supervisor based on allegations of personnel management decisions. *See Janken v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM               Date:  January 29, 2016
Title:    Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

*GM Hughes Electronics,* 46 Cal. App. 4th 55, 80, 53 Cal. Rptr. 2d 741 (1996).  As the Court of Appeal explained in *Janken*,

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society.  ***A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.***  If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.

*Id.* (emphasis added).

Numerous federal courts have applied *Janken* to foreclose claims for IIED when the supervisor's conduct falls within the confines of her managerial role.  The district court in *Bradshaw v. Glatfelter Insurance Group*, for instance, dismissed the plaintiff's IIED claim that was grounded in allegations of intentional discrimination based on race. No. 1:08-CV-01898OWWSMS, 2009 WL 1438265, at *3 (E.D. Cal. May 20, 2009).  The court emphasized that "Plaintiff has not alleged any facts that give rise to a reasonable inference that Defendants' conduct was anything other than management-level decisions involving employee placement, workplace investigations, performance evaluations, and staffing." *Id.*; *see also Zhang v. Walgreen Co.,* No. C 09-05921 JSW, 2010 WL 4174635, at *3 (N.D. Cal. Oct. 20, 2010) (IIED claim fails when the allegations do not establish "that [the supervisor] engaged in a sustained personal attack on [the plaintiff]" and instead constitute "commonly necessary personnel management action"); *Gonzalez v. City of Martinez*, 638 F. Supp. 2d 1147, 1162 (N.D. Cal. June 30, 2009) ("[T]he Court finds that Defendants' alleged conduct merely constitute personnel management decisions. Therefore, Plaintiff [has not presented facts showing] outrageous conduct necessary for her claim of intentional infliction of emotional distress."); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many adverse personnel management decisions, is insufficiently extreme or outrageous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                          Date:  January 29, 2016
Title:     Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills
           Rehabilitation and Convalescent Hospital, et al.

to give rise to a claim for intentional infliction of emotional distress."); *Bartalini v. Blockbuster Entm't, Inc.*, No. C-98-3943-SC, 1999 WL 1012383, at *10 (N.D. Cal. Nov. 8, 1999) ("[C]ourts have generally refused to extend liability for emotional distress to terminations based upon discriminatory motives unless accompanied by aggravating factors, such as racial or ethnic slurs. . . . Moreover, even if [the plaintiff] had shown that his termination was in fact motivated [by discriminatory] animus, such action is not per se outrageous.").

As was the case with Defendant Stewart, the alleged conduct of Defendant Cerecedes constitutes personnel management activity. Indeed, the Complaint asserts only that Defendant Cerecedes participated in termination decisions that discriminated against Plaintiffs due to their age. (*Id.* ¶¶ 73-75). *Janken* made clear, however, that an IIED claim cannot be based on "hiring and firing" even when the supervisor acts with a discriminatory motive. *Janken*, 46 Cal. App. 4th at 62-63. Because the Complaint pleads no other conduct, and certainly no conduct falling outside of Defendant Cerecedes's managerial duties, Plaintiffs' IIED claims are patently deficient.

Importantly, failure to state a claim for relief against a non-diverse defendant does not, by itself, establish fraudulent joinder. Numerous courts have remanded actions when it was possible that the deficiencies in pleadings could be cured through amendment. For instance, one district court confronted with a similar complaint held as follows:

> Michaels does not demonstrate that Ontiveros cannot plead an emotional distress claim against his former manager as a matter of law; it asserts only that the complaint presently fails to state a viable emotional distress claim. While Ontiveros' vague allegations concerning Baghdadlian's conduct may be insufficient to differentiate the alleged conduct from normal personnel management actions, the deficiencies do not demonstrate that Ontiveros would not be able to amend to allege a viable IIED claim against Baghdadlian based on discriminatory practices. . . . This is particularly true since Ontiveros

| | | |
|---|---|---|
| | **CIVIL MINUTES—GENERAL** | 7 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                    Date:  January 29, 2016
Title:     Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

alleges that Baghdadlian's actions were motivated by discriminatory animus.  Michaels' arguments, which go to the merits of the pleading as currently alleged, do not demonstrate that Baghdadlian is a sham defendant.  Consequently, Michaels fails to meet its heavy burden of showing that Baghdadlian has been fraudulently joined.

*Ontiveros v. Michaels Stores, Inc.,* No. CV 12-09437 MMM FMOX, 2013 WL 815975, at *7 (C.D. Cal. Mar. 5, 2013).

The same cannot be said here, however, because the Superior Court already dismissed Plaintiffs' IIED claims against Defendant Stewart ***without leave to amend.***  While Plaintiffs argued at the hearing that the Superior Court's ruling was based on California's "workers' compensation statute," they are quite obviously mistaken.  The Superior Court relied solely on *Janken* to dismiss Defendant Stewart from the action without so much as mentioning workers' compensation. (Opposition, Ex. F).  The demurrer itself was based exclusively on the supervisorial nature of the alleged conduct and California's policy against imposing liability on managers who act within the scope of their employment. (*Id.*, Ex. E).  Nothing in the record indicates that the Superior Court even considered the workers' compensation statute, let alone that the statute affected the court's ultimate disposition.

The demurrer filed by Defendant Cerecedes is no different.  (*Id.*, Ex. G).  It is based on the same allegations, same case law, and same arguments.  Indeed, except for two or three sentences, Defendant Cerecedes's demurrer copies word for word the demurrer filed by Defendant Stewart.  Under these circumstances, there is simply no reason to believe that the Superior Court would grant Plaintiffs leave to amend when it refused to do so the first time around.  If anything, Plaintiffs' claims against Defendant Cerecedes are weaker since she is not even alleged to have directly communicated with Plaintiffs.

The Court is well aware of Defendants' heavy burden to establish fraudulent joinder.  *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1993)

**CIVIL MINUTES—GENERAL**                                                                 8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                    Date:  January 29, 2016
Title:    Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

("The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant in state court . . . ."). Were this the usual case, a remand would have been appropriate even despite the conspicuous deficiencies in the Complaint. After all, the test is not whether the claim would survive a motion to dismiss but whether there is "any possibility" of stating a claim against the non-diverse defendant. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (internal quotation marks and citations omitted).

But in light of the unique procedural posture of this action there is no reasonable possibility of Plaintiffs succeeding on their claims against Defendant Cerecedes. Presumably only allegations that Defendant Cerecedes acted outside of her managerial role would persuade the Superior Court to deviate from its prior ruling and grant leave to amend. But Plaintiffs have not identified any such allegations in their papers. And while Plaintiffs indicated for the first time at the hearing that one reason for Defendant Cerecedes's termination decision may have been Plaintiffs' request to "change some records in the case," this statement, even if true, only bolsters the managerial nature of Defendant Cerecedes's alleged conduct—*i.e.*, firing Plaintiffs with an improper motive. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995) (concluding that the plaintiff's supervisors were fraudulently joined when neither allegations nor facts obtained in discovery supported the plaintiff's claims for IIED). The Court, therefore, can reach only one reasonable conclusion:  two demurrers based on materially identical allegations, arguments, and law will produce identical results.

At the hearing, Plaintiffs argued that they should be given an opportunity to gather evidence on which to base additional allegations against Defendant Cerecedes before the hearing on her demurrer. But Plaintiffs initiated this lawsuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-08877-MWF-JEM                           Date:  January 29, 2016
Title:     Estela Gomez, et al. -v- Mirada Hills Rehabilitation and Mirada Hills
           Rehabilitation and Convalescent Hospital, et al.

over a year ago and have had an abundant amount of time to develop their claims. Certainly after the Superior Court sustained Defendant Stewart's demurrer and Defendants removed the action, Plaintiffs should have realized that Defendant Cerecedes would be considered a fraudulently-joined Defendant in the absence of new allegations.  Indeed, this Motion *was* Plaintiffs' opportunity to present allegations showing that their claims against Defendant Cerecedes would not suffer the same fate as those against Defendant Stewart.  Plaintiffs failed to do so, leading the Court to conclude that Defendant Cerecedes's demurrer would be sustained without leave to amend.

In sum, Defendants have met their burden of showing that there is no possibility of recovery against Defendant Cerecedes.  Accordingly, the Court has diversity jurisdiction over the remaining parties and claims.

Having determined that Defendant Cerecedes was fraudulently joined, it makes little sense to keep her in this action.  The Ninth Circuit has directed the district courts to dismiss fraudulently joined defendants *sua sponte* to prevent needless motions under Rule 12(b)(6).  *Isaacs v. Broido*, 358 F. App'x 874, 877 (9th Cir. 2009) ("[T]here is no reason the district court could not have dismissed the fraudulently joined defendants on its own motion at the conclusion of litigation on the fraudulent joinder issue.  The case is therefore remanded to the district court with instructions to amend its order denying remand to include a *sua sponte* judgment of dismissal against the fraudulently joined defendants.") (citations omitted).  The Court sees no reason to refrain from doing so here.

### B.     Timeliness of Removal

Plaintiffs also assert that if Defendants Stewart and Cerecedes were fraudulently joined, Defendants should have removed this action as soon as it was filed instead of waiting until after Defendant Stewart's dismissal.  (Motion at 6).  If Defendants had removed before the Superior Court's ruling, however, the Court would have almost certainly remanded the action.  Not until Plaintiffs' IIED claims

---
**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-15-08877-MWF-JEM  **Date:** January 29, 2016
**Title:**  Estela Gomez, et al. *-v-* Mirada Hills Rehabilitation and Mirada Hills Rehabilitation and Convalescent Hospital, et al.

were dismissed without leave to amend did it became clear that Defendants Stewart and Cerecedes were fraudulently joined.  Indeed, if this Court did remand the action, then almost certainly it would be removed again after Defendant Cerecedes's inevitable dismissal in Superior Court.

Accordingly, Defendants' removal was timely.

## IV.  CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.  The Court **DISMISSES** Plaintiffs' claims against Defendant Cerecedes *without leave to amend*.

IT IS SO ORDERED.